Citation Nr: 1513788 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 13-08 641 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

Entitlement to service connection for an acquired psychiatric disorder, including posttraumatic stress disorder (PTSD) with sleep disturbances, depressive disorder, alcohol abuse, and anxiety disorder. 


ATTORNEY FOR THE BOARD

N. Sonia, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1998 to August 2007.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

Consideration of the Veteran's appeal has included review of all documents within the Virtual VA paperless claims processing system and the Veterans Benefits Management System. The documents within these systems include documents relating to the immediate appeal and have been considered as part of the present appeal.

After reviewing the contentions and evidence of record, including the applicable regulations, the Board finds that the issue on appeal is more accurately stated as listed on the title page of this decision. The Veteran's claim was originally identified by the RO as separate claims of service connection for PTSD, depression, and anxiety. As set forth on the title page of this decision, the issue has been expanded to include service connection for any acquired psychiatric disability. See Clemons v. Shinseki, 23 Vet. App. 1 (2009) (holding that a claim for service connection for PTSD includes claims for service connection for any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record). In consideration the holding in Clemons and the other Axis I diagnosis of record (alcohol abuse), the Board has recharacterized this claim as reflected on the title page.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ).


REMAND

A remand is required in this case to ensure that there is a complete record upon which to decide the Veteran's claims of service connection for PTSD, depressive disorder, alcohol abuse, and anxiety disorder. VA has a duty to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for the benefits sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A(a) (West 2002); 38 C.F.R. § 3.159(c), (d) (2014).

The Veteran was afforded a VA PTSD examination in November 2011. The VA examination report acknowledges a previous diagnosis of mild PTSD from May 2011 VA treatment records. However, the VA examiner concluded that the Veteran did not meet the criterion for a diagnosis of PTSD because the Veteran provided inconsistent statements regarding his exposure to combat stressors. The VA examiner stated that independent verification would be necessary to determine if the Veteran met the criteria for PTSD without resorting to pure speculation. Yet, the VA examiner indicated that the Veteran's report of having an RPG fired at him meets criterion A (i.e., is adequate to support a diagnosis of PTSD) and is related to the Veteran's fear of hostile military or terrorist activity. The remainder of the November 2011 VA examination report does not address criteria B through F for diagnosing PTSD. Additional VA treatment records (located in Virtual VA) also indicate that DSM-IV criteria B through D for a diagnosis of PTSD is met with a suggested PTSD diagnosis. See August 2012 VA Treatment Record.

Therefore, the VA examiner's conclusions regarding a diagnosis of PTSD are founded in an assessment of the veracity of the Veteran's stressor events, rather than a medical determination as to whether the stressors are sufficient to support a diagnosis of PTSD in accordance with the DSM-IV or DSM-V diagnostic criteria. However, it is not within the VA examiner's purview to assess credibility of evidence of record. Rather, as true with any piece of evidence, the credibility and weight to be assigned are within the province of the Board as adjudicators. Guerrieri v. Brown, 4 Vet. App. 467 (1993). 

Moreover, the VA examiner diagnosed the Veteran with depressive disorder and found that such a disorder was less likely than not related to military service. The VA examiner explained that it "seems, rather, that the depression is caused by his lack of funds and his substance abuse." Therefore, the examiner's rationale is, at best, speculative in nature, as it is couched in terms such as "seems." Furthermore, the VA examiner provided an inadequate rationale as he simply asserts that the Veteran's depression is not due to active service because there appears to be another possible cause for the disorder. See Stefl v. Nicholson, 21 Vet. App. 120, 123-25 (2007) (finding that a medical opinion "must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions"); Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) (requiring medical examiners to provide a "reasoned medical explanation connecting" observations and conclusions). In addition, the VA examiner diagnosed the Veteran with alcohol abuse; however, the VA examiner did not opine as to the etiology of that Axis I, acquired psychiatric disorder.

The Board notes that the VA examiner was asked to provide an addendum opinion based on the RO's observation that the Veteran served in Southwest Asia, where the claimed stressors occurred. In May 2012, the VA examiner responded that there were no changes in the diagnoses or opinions; no further rationale was offered. For these reasons, the Board finds that a new psychiatric examination is needed to clarify the Veteran's current diagnoses as they relate to mental health diagnostic criteria and to obtain adequate etiological opinions.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA mental health examination with a VA psychologist or psychiatrist (other than the VA psychologist who provided the November 2011 VA examination and medical opinion, and the May 2012 addendum medical opinion) to assist in determining the nature and etiology of any current psychiatric disorder. The relevant medical records should be made available to the VA examiner for review in conjunction with the examination, and the examination report should reflect that such review was accomplished. All indicated tests and studies should be accomplished and the findings then reported in detail. 

The VA examiner is requested to provide findings and opinions as to the following:

a) Diagnose any acquired psychiatric disorders, to include, but not limited to, PTSD, depressive disorder, alcohol abuse, and anxiety disorder. In providing an opinion as to whether the Veteran has PTSD, the VA examiner should reconcile the different findings by different medical professionals (see May 2011 and August 2012 VA treatment records versus the November 2011 VA examination).

b) If the Veteran has a diagnosis of PTSD, is it at least as likely as not (i.e., a 50 percent or greater probability) that the PTSD is related to the Veteran's alleged in-service stressors of fear of hostile military or terrorist activity while stationed in Southwest Asia. As noted, the Veteran has reported exposure to motor fire, small weapons fire, and explosive devices. For purposes of his or her analysis, the VA examiner is advised that such stressors are to be taken as true.

c) If an acquired psychiatric disability other than PTSD is diagnosed, to include, but not limited to, depressive disorder, alcohol abuse, and anxiety disorder, provide an opinion as to whether the acquired psychiatric disorder is at least as likely as not (i.e., 50 percent or greater probability) related to the Veteran's service, including the alleged in-service stressors. Again, for purposes of rendering an opinion, the Veteran's alleged stressors should be taken as true.

The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it.

A rationale should be given for all opinions and conclusions expressed and should not be solely based on the absence of treatment records during or after service. If an opinion cannot be rendered without resorting to speculation, the VA examiner should explain why it would be speculative to respond. 

2. Thereafter, readjudicate the Veteran's claim. If the benefit sought on appeal is not granted, the Veteran and his representative should be provided with a Supplemental Statement of the Case and afforded the appropriate time period within which to respond thereto. Then, return the case to the Board, if in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
L.M. YASUI
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).